

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. O-6414
Re: Should moneys collected
by the Texas State Board
of Pharmacy be deposited
in the State Treasury?

The question you recently submitted to us reads as follows:

"The Texas State Board of Pharmacy is authorized to collect fees and other moneys for renewal certificates, licenses, examination fees, etc. Should these funds or any part of them be deposited in and accounted for through the State Treasury?"

Article 4542a, V.A.C.S., as amended, creates the State Board of Pharmacy and prescribes its duties and powers. Section 3, relating to funds, reads as follows:

"The fund realized from all fees payable under this Act shall first be applied to the payment of all necessary expenses of the Board, and the remainder is to be applied by order of the Board to compensate members of said Board, said compensation to each member of the Board not to exceed Ten ($10.00) Dollars per day, or Three Hundred ($300.00) Dollars per year, exclusive of necessary expenses in performance of his duties. Provided, however, that the premium on any bond required of the Secretary, or any other employee of the Board, shall be paid out of said fund, as well as the expenses of any employee incurred in the performance of his duties.

The State Board of Pharmacy shall defray all
expenses under this law from fees provided in
this Act, and the State of Texas shall never be
liable for the compensation or expenses of any
member of the Board, or its officers or employees,
or any other expenses thereof."

A portion of Section 6 provides as follows:

"The Board shall make annually to the Gov-
ernor of the state a regular report of its re-
ceipts and disbursements; also the names of all
pharmacists duly registered under this Act dur-
ing the fiscal year for which the report is made,
and the names of all pharmacists whose licenses
or permits have been cancelled during the fiscal
year."

The case of Texas Pharmaceutical Ass'n. v. Dooly,
et al., 90 S.W. (2d) 328 (Austin Civ. Apps.), construed
Article 4542a before its amendment by the Acts of 1943, 48th
Legislature, Chapter 395. We regard the language of the
Court relative to the purpose of the Act as pertinent also
to the amended Act. Baugh, Justice, had this to say:

"It is manifest, we think, that the chief
purpose of the Legislature in passing the Act in
question was the proper regulation of the prac-
tice of pharmacy in the state in the interest of
public health and public safety. The fees or dues
prescribed by the Act are designated in Section
9 thereof (Vernon's Ann. Civ. St. Art. 4542a,
Sec. 9) as a license. If a license only, the
power to levy it is referable to the police power
of the state and not to its taxing power."

From a consideration of the statutes and the cited
case it is our opinion that the moneys collected by the State
Board of Pharmacy are not "public monies" in the sense that
they were intended by the Legislature to be raised for revenue
purposes, deposited in the State Treasury and spent only upon
specific appropriation. To the contrary, it is evident that
it was the intent of the Legislature to allow this agency to

Honorable C. H. Cavness, page 3

raise and spend its own funds in carrying out the police function assigned to it. There is no doubt but what the Legislature could have required these funds to be deposited in the Treasury and subjected them to the same requirements and safeguards thrown about other State moneys. The fact is that it has not seen fit to do so. See our Opinion No. O-3711, a copy of which is enclosed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Eugene Alvis_

Eugene Alvis
Assistant

EA:db

Enclosure

APPROVED FEB 24, 1945

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY